■ ⋅ ARTHUR E. COLLINS et al., Copartners, Doing Business as COLLINS & SONS, Respondents-Appellants, v. CLARENCE RHODES, Appellant-Respondent.— Appeal from order which permitted the opening of a default judgment on condition that the judgment stand as security and that a levy upon certain bank accounts remain in effect to be released upon the filing of a surety bond. The plaintiffs appeal on the ground the default judgment should not have been reopened and the defendant appeals from that part of the order which continued the levy or in the alternative, the filing of a surety bond. The defendant was served with a summons and complaint on March 9, 1960 for liquidated damages for goods sold and delivered over a period of years. There is evidence that after such service, the defendant went to the plaintiffs, there was a discussion about the matter and apparently defendant was under the impression that the action was in abeyance pending negotiations. On April 5, 1960 he was advised that a judgment by default had been entered against him for the liquidated damages demanded in the complaint and thereafter an execution was issued and a levy made on behalf of plaintiffs against various bank accounts in the City of Troy. Thereafter on April 14, 1960, an order to show cause as to why the default should not be opened was obtained and served upon the plaintiffs. Section 108 of the Civil Practice Act gives the court discretionary power at any time within the year to allow the opening of a judgment taken through mistake, surprise, inadvertence or excusable neglect. We find under the circumstances that the exercise of the court's discretion in allowing the opening of the default judgment was proper. One of the conditions for permitting the opening of the default was that the judgment would stand as security and this is a usual prerequisite of the court in the exercise of its discretion and not seriously contested on this appeal. With reference to the levy on the bank accounts, while it is somewhat unusual, there is evidence in the record that the defendant had withdrawn a substantial amount from some of these accounts prior to the levy and we feel that, under the circumstances, the exercise of the court's discretion was proper. This is particularly true where the defendant has the alternative of having the levy released upon the filing of a surety bond. Order unanimously affirmed, with $10 costs to plaintiffs-appellants. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.